UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICK PLANOS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHOTOMYNE, INC.,<br><br>Defendant. | Civil Action No. |

**DEFENDANT PHOTOMYNE, INC.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Photomyne, Inc. ("Photomyne"), by and through its undersigned counsel, removes the above-captioned action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1441(a), 1446, and 1453, on the ground that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).

**I.  BACKGROUND**

1. On February 9, 2024, Plaintiff Rick Planos, on behalf of himself and all others similarly situated, filed this action, captioned *Planos v. Photomyne, Inc.*, in the Circuit Court of Cook County, Illinois, Case No. 2024-CH-00872. A true and correct copy of Plaintiff's complaint, summons, and the notice of service received by Photomyne are attached hereto as Exhibits 1, 2, and 3, respectively.

2. Photomyne was served on June 17, 2024. *See* Ex. 3.

3. Plaintiff brings two causes of action against Photomyne for alleged violations of the Illinois Biometric Information Privacy Act ("BIPA"). Ex. 1 at ¶¶ 54-75.

4. Plaintiff seeks relief on behalf of a purported class of "[a]ll Illinois residents who had their facial geometry captured, collected, possessed, received, stored, otherwise obtained and/or used, by Defendant in Illinois." Ex. 1 at ¶ 48.

5. Plaintiff alleges that the size of the putative class is "in the thousands" *Id.* at ¶ 50.

6. Plaintiff seeks certification of the putative class, declaratory relief, statutory damages of $5,000 for each proven intentional and reckless violation of BIPA and $1,000 for each proven negligent violation of BIPA, injunctive and other equitable relief, and reasonable litigation expenses and attorneys' fees. *Id.* at ¶ 63.

7. Photomyne has not yet filed an answer or responsive pleading to the complaint.

8. By filing this notice of removal, Photomyne does not waive, and expressly preserves any and all defenses it might later raise in this action, including but not limited to its defense that this Court lack personal jurisdiction over Photomyne.

## II. JURISDICTIONAL REQUIREMENTS ARE SATISFIED

9. CAFA sets forth three requirements to invoke federal jurisdiction: (1) a class action comprising 100 or more members, (2) in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and (3) in which the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2), (d)(5). All three requirements are satisfied here.

### A. This Case Is A Putative Class Action Comprising At Least 100 Members

10. The action is a "class action" as defined in 28 U.S.C. § 1332(A)(1)(B), and Plaintiff alleges that there are "thousands" of individuals in the putative class. Ex. 1 at ¶ 50.

### B. Minimal Diversity Exists Pursuant To 28 U.S.C. § 1332(d)(2)(A)

11. Plaintiff alleges that Photomyne is a Delaware corporation with its principal place of business in Israel. *Id.* at ¶ 12. Plaintiff alleges that he and the putative class members are Illinois residents. *Id.* at ¶¶ 11, 48.

12. Based on the foregoing, minimal diversity exists because at least one member of the putative class is a citizen of a different state than Photomyne. *See* 28 U.S.C. § 1332(d)(2)(A).

C. **The Amount In Controversy Exceeds $5,000,000**

13. Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6). A party removing under CAFA need only establish that the amount in controversy exceeds the jurisdictional minimum by a preponderance of the evidence. *See Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). The question is not whether damages *will be* greater than $5 million, but only whether "a fact-finder *might* conceivably lawfully award" damages greater than $5 million. *Id.* at 583 (emphasis in original). The removing party's burden is a mere "pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

14. While Photomyne denies the claims alleged in Plaintiff's complaint and further denies that Plaintiff, or any putative class member, are entitled to any monetary or other relief, on a classwide basis or otherwise, the amount in controversy here satisfies the jurisdictional threshold. Plaintiff seeks statutory damages of up to $5,000 per alleged violation of BIPA on behalf of each putative class member (*see* Ex. 1 at ¶¶ 63, 75), and alleges that there are "thousands" of persons in the class. *Id.* at ¶ 50. Multiplying $5,000 for each putative class member by just over a thousand putative class members—smaller than the potential class size Plaintiff has alleged—yields an amount in controversy in excess of the $5 million. Thus, based on the face of the complaint, if

Plaintiff prevails, recovery in this action "*might* conceivably" exceed the amount-in-controversy threshold for jurisdiction under CAFA. *Roppo*, 869 F.3d 583.

*   *   *   *   *

15. In summary, because this is (1) a putative class action comprising 100 or more members, (2) in which any member of the putative class is a citizen of a state different from the defendant's state of citizenship, and (3) the aggregate amount of damages sought is in excess of $5 million, this case falls within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332 and is therefore removable pursuant to 28 U.S.C. § 1441.

### III. OTHER STATUTORY REQUIREMENTS FOR REMOVAL ARE SATISFIED

16. Plaintiff filed this action in the Circuit Court of Cook County, Illinois. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

17. No previous application has been made for the relief requested herein.

18. As required by 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Photomyne are attached as exhibits hereto.

19. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

20. As required by 28 U.S.C. § 1446(d), Photomyne will promptly file a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, County Department, Chancery Division and serve copies of the same on all parties to this action.

WHEREFORE, Photomyne respectfully removes this action from the Circuit Court of Cook County, Illinois, docketed at 2024-CH-00872, to this Court.

DATED: July 17, 2024            Respectfully submitted,

/s/ *Matthew D. Provance*

Matthew D. Provance
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
mprovance@mayerbrown.com

Archis A. Parasharami
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006
Telephone: (202) 263-3000
aparasharami@mayerbrown.com

*Attorneys for Defendant Photomyne, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 17, 2024, the foregoing Notice of Removal was electronically filed with the Clerk of the Court using the CM/ECF system and that copies of the foregoing instrument were sent by email and first-class U.S. mail to counsel for Plaintiff at the address and email address below:

Philip L. Fraietta
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
pfraietta@bursor.com

                                                                                           /s/ *Matthew D. Provance*
                                                                                           Matthew D. Provance